JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 11-01866 DMG (OPx)** | Date | April 23, 2012 |
|---|---|---|---|

| Title | *Joey Santley, et al. v. Deutsche Bank National Trust Company, et al.* | Page | 1 of 7 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS'** *EX PARTE* **APPLICATION FOR LEAVE TO AMEND NOTICE OF REMOVAL; SUPPLEMENTAL ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION TO EXPUNGE** *LIS PENDENS* **[Doc. ## 23, 25, 34]**

I.
INTRODUCTION

On March 12 and 13, 2012, respectively, Defendants Deutsche Bank National Trust Company, American Home Mortgage Investment Trust 2007-1, Power Default Services, Inc., and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") filed a motion to dismiss Plaintiffs' first amended complaint [Doc. # 23] and a motion to expunge *lis pendens* [Doc. # 25]. The Court granted the motion to dismiss in part, dismissed Plaintiffs' sole federal claim with prejudice, and ordered Defendants to show cause why Plaintiffs' remaining claims should not be remanded to state court. (*See* Apr. 16, 2012 Order ("OSC") [Doc. # 33].)

On April 18, 2012, Defendants filed an *ex parte* application for leave to amend their notice of removal [Doc. # 34], asserting that this Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a), notwithstanding Defendants' failure to allege this ground for jurisdiction in their notice of removal. Plaintiffs do not dispute that the parties are diverse and the amount in controversy exceeds $75,000. (*See* Opp'n to *Ex Parte* Appl. [Doc. # 35].) Therefore, the Court denies Defendants' *ex parte* application as moot.[1] *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006) (*per curiam*) ("[A] party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint changes the ground for federal jurisdiction."). The Court also discharges the OSC and

---

[1] In addition, as Plaintiffs point out, relief on an *ex parte* basis is inappropriate because there is neither "a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief" nor a likelihood that, "if given notice, someone would act improperly to frustrate [Defendants'] ability ever to obtain the relief sought." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 11-01866 DMG (OPx)** | Date | April 23, 2012 |
| Title | *Joey Santley, et al. v. Deutsche Bank National Trust Company, et al.* | Page | 2 of 7 |

turns to consider the remainder of Defendants' motions as they relate to Plaintiffs' state law causes of action.

## II.
## DISCUSSION

### A.  *Res Judicata* **Principles**

Defendants contend that this action is barred by *res judicata*. (Mot. to Dismiss at 3-5.) They point to a judgment in an unlawful detainer action that Deutsche Bank successfully litigated against Plaintiffs in Riverside County Superior Court.[2] (Defs. Request for Judicial Notice ("RJN"), Ex. 10 [Doc. # 24-1].) Because Plaintiffs did not file a notice of appeal within 60 days of the Superior Court's judgment, it is now final. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 762 n.3 (9th Cir. 2007) (citing Cal Civ. Proc. Code § 1049; Cal. R. Ct. 8.104(a)).

Under federal law, a state's "Acts, records and judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. When determining the preclusive effect of a state court judgment, federal courts follow the state's rules of decision. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)).

In California, the doctrine of *res judicata*, or claim preclusion, "describes the preclusive effect of a final judgment on the merits." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896, 123 Cal. Rptr. 2d 432 (2002). A judgment "serves as a complete bar to further litigation," *Slater v. Blackwood*, 15 Cal. 3d 791, 795, 126 Cal. Rptr. 225 (1975), when "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Silverado Modjeska Recreation & Parks Dist. v. County of Orange*, 197 Cal. App. 4th 282, 297, 128 Cal. Rptr. 3d 772 (2011) (quoting *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202, 24 Cal. Rptr. 3d 543 (2004)) (internal quotation mark omitted).

---

[2] The Court takes judicial notice of the proceedings in *Deutsche Bank National Trust Co. v. Santley*, No. INC1103497 (Cal. Super. Ct. Aug. 30, 2011). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 11-01866 DMG (OPx)** | Date | April 23, 2012 |
| Title | ***Joey Santley, et al. v. Deutsche Bank National Trust Company, et al.*** | Page | 3 of 7 |

California applies a "primary rights" theory of claim preclusion, under which "the 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." *Slater*, 15 Cal. 3d at 795 (citing *Peiser v. Mettler*, 50 Cal. 2d 594, 605 (1958)). "A cause of action comprises the plaintiff's primary right, the defendant's corresponding primary duty, and the defendant's wrongful act in breach of that duty." *Silverado Modjeska*, 179 Cal. App. 4th at 298 (quoting *Fed'n of Hillside & Canyon Ass'ns*, 126 Cal. App. 4th at 1202-03).

Under the doctrine of *res judicata*, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen*, 28 Cal. 4th at 897. Thus, in two actions involving the same injury to the plaintiff and the same wrong by the defendant, the primary right at stake—and hence the cause of action—is the same, even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief, or adds new facts supporting recovery. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174, 197 Cal. Rptr. 612 (1983)).

**B.     Analysis**

Plaintiffs do not contest the finality of the unlawful detainer judgment or the identity of the parties in the two actions. Plaintiffs maintain only that the unlawful detainer action did not resolve the "issues" involved in their claims under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, § 702, 123 Stat. 1632, 1660 (2009) (codified at 12 U.S.C. § 5220 notes), and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*[3] (Opp'n to Mot. to Dismiss at 5-6 [Doc. # 31].)

In *Vella v. Hudgins*, 20 Cal. 3d 251, 142 Cal. Rptr. 414 (1977), a case on which both Plaintiffs and Defendants rely, the California Supreme Court considered the preclusive effect of an unlawful detainer action. Nancy Vella, experiencing financial difficulty, subjected the property that she owned and occupied to several encumbrances, including a second deed of trust held by a third party. Everett Hudgins, with whom Vella had maintained a confidential, intimate relationship for years, purchased the note and the second trust deed securing it. Hudgins told Vella that he had acquired the note to protect her from default and assured her that she need not worry about making payments on the obligation. Relying on Hudgins' promise and the

---

[3] Under federal law, the concept of *res judicata* encompasses both issue preclusion and claim preclusion. *White*, 671 F.3d at 927 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)). California law, in contrast, equates *res judicata* with claim preclusion and distinguishes both from issue preclusion (or collateral estoppel). *See Mycogen*, 28 Cal. 4th at 896 & n.7. Defendants assert *res judicata* in the sense of claim preclusion only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 11-01866 DMG (OPx)** | Date | April 23, 2012 |
|---|---|---|---|
| Title | *Joey Santley, et al. v. Deutsche Bank National Trust Company, et al.* | Page | 4 of 7 |

confidential nature of their relationship, Vella ceased making payments on the note, allocating her resources instead to discharge other debts. *Id*. at 254-55.

Unfortunately for Vella, "[t]he course of true love never did run smooth." William Shakespeare, *A Midsummer Night's Dream* act 1, sc. 1. Hudgins foreclosed on her property, purchasing it himself at the trustee's sale. Vella filed suit against Hudgins for fraud, seeking injunctive relief and imposition of a constructive trust. Hudgins responded by serving Vella with a three-day notice to quit the premises and, thereafter, commencing an unlawful detainer action. *Vella*, 20 Cal. 3d at 254.

In the unlawful detainer proceedings, Vella alleged fraud as an affirmative defense to no avail. Judgment issued in favor of Hudgins and Vella was evicted from her home. When the unlawful detainer judgment became final, Hudgins argued that *res judicata* barred Vella's suit against him. The trial court disagreed with Hudgins and allowed the lawsuit to proceed. After Vella prevailed in a trial on the merits, the property was ordered restored to her. The Court of Appeal reversed, holding that the unlawful detainer action cut off Vella's right to pursue an independent claim for equitable relief. *Id*.

The California Supreme Court held that *res judicata* did not apply because Vella did not have "a full and fair opportunity to litigate" her fraud defense in the unlawful detainer action. *Id*. at 257. Ordinarily, an unlawful detainer proceeding "is summary in character" and "affirmative defenses, legal or equitable, are permissible only insofar as they would, if successful, 'preclude the removal of the tenant from the premises.'" *Id*. at 255 (quoting *Green v. Superior Court*, 10 Cal. 3d 616, 634, 111 Cal. Rptr. 704 (1974)). As a consequence, "a judgment in unlawful detainer usually has very limited res judicata effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims between the parties." *Id*. (internal citations omitted).

There is an important but qualified exception to the rule that an unlawful detainer action cannot determine title with preclusive effect. California Code of Civil Procedure section 1161a—which extends the summary eviction remedy to plaintiffs who have purchased property at a trustee's sale and seek to evict the occupant in possession—"provides for a narrow and sharply focused examination of title." *Vella*, 20 Cal. 3d at 255. Because such a plaintiff "must show that he acquired the property at a regularly conducted sale and thereafter 'duly perfected' his title," *id*., "subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment." *Id*. at 256. Conversely, "section 1161a does not require a defendant to litigate . . . a complex fraud claim involving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 11-01866 DMG (OPx)** | Date | April 23, 2012 |
| Title | *Joey Santley, et al. v. Deutsche Bank National Trust Company, et al.* | Page | 5 of 7 |

activities not directly related to the technical regularity of the trustee's sale." *Id*. at 258; *see also Malkoskie v. Option One Mortg. Corp.*, 188 Cal. App. 4th 968, 115 Cal. Rptr. 3d 821 (2010).

In granting Deutsche Bank's motion for summary judgment, the Superior Court found that Deutsche Bank purchased the subject property at a duly noticed and validly conducted trustee's sale. (Defs.' RJN, Ex. 9 at 2.) Based on the evidence in the record, the court found that Deutsche Bank had "established . . . perfection of title" and that Plaintiffs offered no evidence to controvert Deutsche Bank's *prima facie* showing. (*Id*.) Consequently, Plaintiffs' claims for wrongful foreclosure, wrongful eviction, constructive eviction, declaratory relief, and injunctive relief are all barred by *res judicata* because they "all arise from the alleged invalidity of the foreclosure sale." *Malkoskie*, 188 Cal. App. 4th at 974.

Although the Court previously held that the PTFA does not give rise to a private cause of action (*see* OSC at 2), Plaintiffs argue that the alleged PTFA violations may serve as the cornerstone for their UCL claim. (Opp'n to Mot. to Dismiss at 9-11.) Assuming without deciding that Plaintiffs are correct, their UCL claim still fails because the alleged PTFA violation—and, derivatively, the UCL claim—is premised on improprieties in the notice to vacate at issue in the unlawful detainer action. (*See* OSC at 2 ("[F]ailure to comply with the PTFA is a defense to eviction proceedings in state court.").) As such, it is barred under principles of claim preclusion from being litigated here.[4]

Finally, in Plaintiffs' fraud claim, they allege that Defendants "failed to properly credit payments made, fabricated authority to gain foreclosure rights to the Subject Property, and foreclosed on the Subject Property based on authority to do so which they knew was false." (1st Am. Compl. ¶ 76.) In addition, Defendants purportedly concealed facts "regarding payments, notices, assignments, transfers, late fees, substitutions, and sale powers." (*Id*. ¶ 77.) Plaintiffs further allege that Defendants made false representations to them that Defendants (1) had authority, reasonable grounds, and cause to commence the foreclosure process; (2) had legally gained title to, ownership possession of, and interest in the subject property; (3) had a legal right to evict Plaintiffs; (4) complied with the law in serving notices of default, sale and eviction on Plaintiffs; and (5) were lawfully entitled to take possession of the subject property. (*Id*. ¶¶ 78-79, 86.)

Yet, all of these allegations are "directly related to the technical regularity of the trustee's sale" and subsequent eviction process, *Vella*, 20 Cal. 3d at 258, and thus "are barred by the prior unlawful detainer judgment" because they should have been raised during that litigation. *Id*. at

---

[4] Moreover, the PTFA does not apply to tenants who are "the mortgagor or the . . . spouse . . . of the mortgagor under the contract," PTFA § 702(b)(1)—*i.e.*, Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 11-01866 DMG (OPx) | Date | April 23, 2012 |
|---|---|---|---|

| Title | *Joey Santley, et al. v. Deutsche Bank National Trust Company, et al.* | Page | 6 of 7 |
|---|---|---|---|

256. To the extent Plaintiffs' allegations regarding the securitization of their loan (1st Am. Compl. ¶¶ 82-84) fall outside the scope of *res judicata*, these allegations fail to state a claim for the reasons discussed in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011) (affirming dismissal without leave to amend of fraud claim based on the "common" practice by original lenders of "bundl[ing] the beneficial interest in individual loans and sell[ing] them to investors as mortgage-backed securities, which may themselves be traded").

### C.   Defendants' Motion To Expunge *Lis Pendens*

A motion to expunge *lis pendens* is governed by state law. *See Orange County v. Hongkong & Shanghai Banking Corp. ("HSBC")*, 52 F.3d 821, 827 (9th Cir. 1995) ("California's lis pendens scheme provides detailed procedures and standards to be followed by the district court . . . ."). After the party asserting a real property claim (the "claimant") records the notice of *lis pendens*, any other party with an interest in the property may apply to the court to expunge the notice. Cal. Civ. Proc. Code § 405.30. The court must expunge the notice "if the 'claimant has not established by a preponderance of the evidence the probable validity of the real property claim.'" *HSBC*, 52 F.3d at 823-24 (quoting Cal. Civ. Proc. Code § 405.32). For a claim to have "probable validity," it must be "more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* (quoting Cal. Civ. Proc. Code § 405.3) (internal quotation marks omitted). As all of Plaintiffs' claims have been dismissed, the notice of *lis pendens* necessarily must be expunged.

Defendants assert that the *lis pendens* was without substantial justification and request an award of attorneys' fees incurred in bringing their motion to expunge. (Mot. to Expunge at 22.) Under California law, when a party prevails on its motion to expunge *lis pendens*, the court "shall direct that the party . . . be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ. Proc. Code § 405.38.

The Court is unable to locate any California authority discussing what constitutes "substantial justification" or "other circumstances" in the *lis pendens* context. Here, the *lis pendens* was expunged because Defendants prevailed on their *res judicata* argument. *Res judicata* is an affirmative defense that can be waived, *see* Fed. R. Civ. P. 8(c); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1119 (9th Cir. 2003) (quoting *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995)). As can be seen from the four pages of analysis set forth above, the *res judicata* defense was not so obvious and straightforward that the Court can find that Plaintiffs did not have a reasonable, good faith basis in law or fact for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 11-01866 DMG (OPx)** | Date | April 23, 2012 |
|---|---|---|---|

| Title | *Joey Santley, et al. v. Deutsche Bank National Trust Company, et al.* | Page | 7 of 7 |
|---|---|---|---|

believing that they had an interest in the property. The Court therefore declines to award fees and costs associated with Defendants' motion to expunge.

### III.
### CONCLUSION

In light of the foregoing, Defendants' *ex parte* application for leave to amend their notice of removal is **DENIED** as moot, the OSC is **DISCHARGED**, Defendants' motion to dismiss and motion to expunge *lis pendens* are **GRANTED**, Defendants' motion for attorneys' fees and costs associated with their motion to expunge is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**